UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VLADIMIR ERNESTO MELGAR
CLAVEL,

      Petitioner,

          v.                          CAUSE NO. 3:26-CV-326-CCB-SJF

SAM OLSON, et al.,

      Respondents.

## OPINION AND ORDER

Immigration detainee Vladimir Ernesto Melgar Clavel, by counsel, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in

violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Melgar Clavel is a 20-year-old citizen of El Salvador who claims to have entered

the United States in 2023.[1] (ECF 1 at 9; ECF 6-2 at 13.) He came to the attention of

immigration officials in February 2026 when he was arrested on a charge of consuming

alcohol as a minor in Elkhart County, Indiana. (ECF 6-2 at 13.) He was taken into custody

by Immigration and Customs Enforcement (ICE) agents in early March 2026 pursuant to

an administrative warrant and removal proceedings were initiated against him. (ECF 6-2

at 7.)  He was subsequently transferred to Miami Correctional Facility, where he remains

at present. (ECF 1 at 1.) He has not been given an opportunity for release on bond because

---

[1] Immigration records reflect that he had contact with United States Border Patrol agents in August 2023 in Texas near the United States-Mexico border, but for unknown reasons it appears he was not detained and no removal proceedings were initiated against him at that time. (ECF 6-2 at 13.)

immigration officials view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues that his continued detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (ECF 1 at 11-12.) He seeks immediate release or, alternatively, a prompt bond hearing. (*Id.* at 12.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents answered the petition (ECF 6), and Mr. Melgar Clavel filed a reply (ECF 7).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Melgar Clavel is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh

2

Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Melgar Clavel who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Melgar Clavel was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 6-2 at 7.) However, he has not been given an opportunity for bond because officials viewed him as categorically ineligible for bond under § 1252(b)(2). (ECF 6.) This was error for the reasons previously explained. The court concludes that the appropriate

---

[2] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Melgar Clavel any relief until he exhausts all available administrative channels, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the Board of Immigration Appeals. (ECF 6 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Melgar Clavel argues that it would be futile for him to pursue a request for bond within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status in the United States are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 7 at 8-9.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Melgar Clavel as categorically ineligible for bond.

4

Indeed, recent proceedings in a case out of the Central District of California lend support for the conclusion that it would be futile for petitioners like Mr. Melgar Clavel to pursue a bond hearing through administrative channels. In that case, the district judge issued an opinion vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for release on bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed that decision, and the Ninth Circuit recently granted the government a partial stay of the court's order, leaving the judgment intact as to class members located within the Central District of California, but staying the judgment "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 6, 2026). The district judge's ruling is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Melgar Clavel, who is outside of California. These proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Mr. Melgar Clavel seeks either outright release or a bond hearing. The court views the opportunity for a bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's

5

inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing then he must be released, because his continued detention without an opportunity for bond is unlawful.[3] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306. He asks that the bond hearing occur within 14 days, and this request will be granted. (ECF 7 at 9.)

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS the Respondents to release Vladimir Ernesto Melgar Clavel on or before **April 15, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **April 17, 2026.**

SO ORDERED on April 1, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because the court concludes that Mr. Melgar Clavel is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his continued detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").